IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
MARGO L. BESHEARS,                    *
                                      *
        Plaintiff,                    *
                                      *
    v.                                *      CV 115-029
                                      *
KIA OF AUGUSTA d/b/a                  *
STOKES-HODGES SAVANNAH, INC.;         *
WAYNE COOPER; and SCOTT               *
GOSSETT;                              *
                                      *
        Defendants.                   *
```

## O R D E R

Presently before the Court is Plaintiff Margo Beshears' Motion to Remand. (Doc. 5.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

On January 20, 2015, Ms. Beshears filed suit in the Superior Court of Richmond County, Georgia alleging claims for sexual harassment, negligent retention and supervision, and intentional infliction of emotional distress against Defendants Kia of Augusta ("Kia"), Wayne Cooper, and Scott Gossett. (Compl., Doc. 1, Ex. 4.) She alleges that around December 2012, she made a sexual harassment complaint to a number of individuals, including her supervisor, the Company Controller,

and the Human Resources Manager, claiming that "she was receiving inappropriate treatment, harassment and hostility from [Defendants] Wayne Cooper and Scott Gossett." (Id. ¶ 8.) Ms. Beshears alleges that Mr. Cooper would comment on how her clothing fit, suggest that she be his girlfriend, and "make gestures with his tongue . . . in an inappropriate ma[nn]er." (Id. ¶ 9.) As to Mr. Gossett, he purportedly "made several sexual remarks . . . and even asked her if she would sleep with him." (Id. ¶ 10.) Moreover, Mr. Gossett "would watch porn at his desk on his computer and make a point of displaying it to the female employees." (Id.) Ms. Beshears' employment was terminated on February 14, 2013. (Id. ¶ 7.) Ms. Beshears alleges that Kia "condoned said harassment by retaliating against [her] for disclosing Cooper and Gossett's acts, all in violation of law." (Id. ¶ 12.) She requests lost wages, benefits and other compensation, as well as equitable relief for her sexual harassment claim. (Id. ¶ 13.) Ms. Beshears received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on February 26, 2015. (Doc. 19, Ex. 1.)

As to her Negligent Retention and Supervision claim, Ms. Beshears alleges that Kia was aware of Mr. Gossett's sexual misconduct but continued to employ him and that she was "continually harassed by Gossett and Cooper" from May 2012 to February 2013. (Compl. ¶¶ 15-16.)

Finally, Ms. Beshears asserts a claim for intentional infliction of emotional distress, claiming that "[b]y subjecting [her] to the continued harassment of Gossett and Cooper, and allowing Gossett and Cooper to continue on after knowing that they had harassed another female employee, and by retaliating against [her], both Gossett, Cooper, and Kia have acted outrageously" and such conduct "was done with a total disregard" for her emotional wellbeing. (Id. ¶¶ 18-19.)

Mr. Gossett, with the consent of Mr. Cooper and Kia of Augusta, timely removed this action on February 23, 2015, which garnered the instant Motion for Remand.

## II. MOTION TO REMAND STANDARD

Any civil action originally filed in state court of which the federal district courts have original jurisdiction may be removed to federal court. 28 U.S.C. § 1441(a). As the removing party, Mr. Gossett has the burden to prove the existence of federal jurisdiction. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). A federal court should strictly construe removal statutes and resolve any doubts regarding the existence of federal jurisdiction in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

Federal courts have subject matter jurisdiction in two primary types of cases: cases presenting a federal question

3

pursuant to 28 U.S.C. § 1331, and cases between parties of diverse citizenship pursuant to 28 U.S.C. § 1332. Although it appears the parties are of diverse citizenship — Ms. Beshears is a resident of South Carolina and Defendants are all Georgia residents — the only question before the Court is whether Ms. Beshears' Complaint raises a federal question.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law "is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." Dunlap v. G&L Holding Grp. Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). If a complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on the resolution of a substantial federal question of law, federal question jurisdiction exists. Franchise Tax Bd. v. Constr. Laborers Vacation Tax Bd., 463 U.S. 1, 27-28 (1983).

### III. DISCUSSION

Ms. Beshears presents just one argument in support of her Motion for Remand: removal was "premature" because she could not

have a federal claim under Title VII "until she receive[d] a Right-To-Sue from the Equal Opportunity Commission . . . ." (Doc. 5 at 2.) Mr. Gossett's response is two-fold. First, Ms. Beshears has since received her right-to-sue letter, negating the entirety of her argument. Moreover, Georgia has no independent tort for sexual harassment, and so her claim necessarily arises under Title VII of the Civil Rights Act of 1964, a federal law. Unfortunately, the parties' disagreements did not end there.[1] In her reply, Ms. Beshears presents three

---

[1] It is clear from the record that Mr. Gossett, through counsel, has repeatedly attempted to resolve this issue without the Court's intervention. Following receipt of the right-to-sue notice, Mr. Gossett's counsel sought to confirm that Ms. Beshears was proceeding under Title VII, to which her counsel responded "we will be pursuing the remand to state court, as we will probably be dropping our federal charge of discrimination." (Doc. 19, Exs. B-C.) Based on that representation, Mr. Gossett's counsel provided a proposed Stipulation and Consent Order Regarding Federal Causes of Action and Remand to State Court to waive all federal claims, which Ms. Beshears refused to sign because she would only stipulate that she was not filing a federal action "at this time." (Id., Exs. D-E.) Mr. Gossett's counsel responded that they would proceed in opposition to the Motion for Remand, to which Ms. Beshears' counsel reiterated that she had no intention "at this time" to pursue a federal claim but would not sign away any rights. (Id., Exs. F-G.) Moreover, Ms. Beshears' counsel indicated that he would move for sanctions if Mr. Gossett continued in opposition to the Motion for Remand. (Id., Ex. G.) Mr. Gossett's counsel sought the basis for any sanctions motion, and reiterated their belief that they had "an objectively reasonable basis to seek removal[.]" (Id., Ex. H.) In response to the request for clarification regarding a sanctions motion, Ms. Beshears' counsel responded as follows:

> As you know, Plaintiff is the master of her complaint. She has not asserted, and at this time, does not intend to assert a Title VII claim. So, there is no subject matter jurisdiction. Sexual harassment is not solely a federal claim but arises under State law and is a nom for conduct described as sexual assault and occasionally the intentional infliction of emotional distress. She is under no obligation to make a promise to you and she will not do so. If she files at a later time, there is precedent establishing your right to file for removal at that time. If you insist on proceeding with this frivolous motion, I will file for sanctions.

(Id., Ex. I.)

*new* arguments in favor of remand: (1) *at the time of removal*, this Court lacked jurisdiction over any federal claims because the right-to-sue notice had not been issued; (2) Ms. Beshears is the master of her complaint and can structure it in such a way as to avoid federal jurisdiction; and (3) all doubts should be resolved in favor of remand.

Proceeding in reverse order, neither the Court, nor Mr. Gossett for that matter, disagree with Ms. Beshears' statement of the law. It is true that courts are to strictly construe the right to remove and resolve uncertainties in favor of remand. It is equally true that Ms. Beshears is the master of her complaint. That does not, however, mean that Ms. Beshears has a right to be ambiguous or evasive after filing suit.

Ms. Beshears additionally avers that this Court must assess jurisdictional facts at the time of removal and that she "could not have filed a federal action at the time she filed her state claim" because "the Equal Employment Opportunity Commission (EEOC) had not granted [her] a right to sue." (Doc. 20 at 1-2.) Ms. Beshears misunderstands the jurisdictional significance of a right-to-sue letter: "[T]he conditions precedent to a Title VII action are not jurisdictional requirements, which if not satisfied deprive federal district courts of subject matter jurisdiction." Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1009-10 (11th Cir. 1982). Accordingly, the absence of

6

a right-to-sue letter would not divest this Court of jurisdiction over Ms. Beshears' sexual harassment claim.

Because the Court finds that the presence of a right-to-sue letter is not a jurisdictional prerequisite to filing a Title VII claim, the inquiry turns to whether Ms. Beshears' complaint states a claim arising under federal law. Ms. Beshears' sexual harassment claim clearly falls under federal law. In Georgia, there is no state law cause of action for sexual harassment. See Walsh v. Hooters of Am., Inc., No. 5:01-cv-030, Doc. 9 (M.D. Ga. Mar. 15, 2001); Mathews v. Anderson, 826 F. Supp. 479, 481 (M.D. Ga. 1993). It is possible, however, for allegations of sexual harassment to form the factual basis for other state law claims. See, e.g., Coleman v. Hous. Auth. Of Americus, 381 S.E.2d 303, 305-06 (Ga. Ct. App. 1989) (addressing a claim for intentional infliction of emotional distress based on sexual harassment allegations); Favors v. Alco Mfg. Co., 367 S.E.2d 328, 331 (Ga. Ct. App. 1988) (recognizing a tort claim for negligent failure to provide a work place free from sexual harassment); Newsome v. Cooper-Wiss, Inc., 347 S.E.2d 619, 622 (Ga. Ct. App. 1986) (recognizing battery, tortious interference with employment, and negligent retention as potential causes of action stemming from sexual harassment allegations); Cox v. Brazo, 303 S.E.2d 71, 73 (Ga. Ct. App. 1983) (recognizing a tort claim sounding in negligence for a company's decision to allow

an individual "to remain in a supervisory position with notice of his proclivity to engage in sexually offensive conduct directed against female employees").

In Mathews, the plaintiff brought suit against her employer following a number of inappropriate sexual advances and threats in the workplace, asserting claims for assault, battery, false imprisonment, criminal intent to commit rape, tortious interference with employment, failure to maintain a safe work environment preventing sexual harassment, and negligent infliction of emotional distress. Mathews, 826 F. Supp. at 480. Notably absent, however, was any standalone claim for sexual harassment. The defendants removed the action to district court arguing that "[p]laintiff's lawsuit is actionable in Georgia only under Title VII of the Civil Rights Act[,]" which prompted the plaintiff's motion for remand. Id. As the defendant interpreted the complaint, the plaintiff was making a claim for sexual harassment and had simply failed to plead necessary federal questions. Id. at 481. However, the Mathews court found that claims for tortious interference with employment and failure to maintain a safe working environment were independent state law claims. Id. Therefore, the "presence of the term 'sexual harassment' in [the] complaint [did] not turn state law causes of action into federal claims." Id. Moreover, as the

8

master of her complaint, the plaintiff had the choice to allege a Title VII sexual harassment claim, but did not do so. Id.

Ms. Beshears does not rely exclusively on state law tort claims as did the plaintiff in Mathews and the other cases cited above. Ms. Beshears states a claim for sexual harassment *in addition to* her state tort claims for negligent retention and intentional infliction of emotional distress. As master of her complaint, if Ms. Beshears wished to assert only state law causes of action, she certainly could have done so. For example, she could have raised only the two state law claims and left sexual harassment allegations as factual support. The Court presumes this decision was intentional. Indeed, Ms. Beshears' counsel appears to recognize that, as pled, the complaint raises a federal claim, as evidenced by his letter to Mr. Gossett stating that "we will probably be dropping our federal charge of discrimination." (Doc. 19, Ex. C.)

In light of Ms. Beshears' decision to state a claim for sexual harassment in addition to intentional infliction of emotional distress and negligent retention, counsel's statement that sexual harassment can be used as a "nom" for "conduct described as sexual assault and occasionally the intentional infliction of emotional distress" is unavailing. (See Doc. 19, Ex. I.) For one, such an argument would render her intentional infliction of emotional distress claim superfluous. But also,

9

nowhere in Ms. Beshears' complaint does the word "assault" appear, and the Court will not rewrite her complaint on a Motion for Remand — based solely on an e-mail[2] — to allow her to avoid federal jurisdiction.

### IV. CONCLUSION

In sum, the Court finds that (1) the absence of a right-to-sue letter at the time of removal does not mandate remand and (2) because Ms. Beshears asserts a claim for sexual harassment, which is not an independently-recognized tort under Georgia law, her complaint presents a federal question pursuant to Title VII of the Civil Rights Act. As such, Ms. Beshears' Motion for Remand (doc. 5) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this ___ day of June, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Ms. Beshears never raised this argument in brief and similarly failed to respond to Mr. Gossett's argument that there is no independent state law claim for sexual harassment in Georgia.